UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

JAN BENSON SEGAL,

    Plaintiff,

vs.

WALGREEN CO.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JAN BENSON SEGAL, sues Defendant, WALGREEN CO., a Florida Corporation (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1.    This is an action for injunctive relief, a declaration or rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.    Plaintiff, JAN BENSON SEGAL, is an individual over eighteen years of age, residing and domiciled in Miami-Dade County, Florida, and is otherwise *sui juris*.

5.     At all times material, Defendant, WALGREEN CO., was and is a corporation authorized to do business in the State of Florida with agents and/or offices in Miami-Dade County, Florida.

6.     Venue is properly located in the Southern District of Florida because Defendants' property is located in and does business within Miami-Dade County, and because a substantial part of the events or omissions giving rise to this claim occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

7.     Plaintiff, JAN BENSON SEGAL, is an individual with disabilities as defined by the ADA.  Plaintiff suffers from cerebral palsy, which renders him unable to ambulate without a motorized device.  Plaintiff, JAN BENSON SEGAL, has visited the property located at 7605 W 33rd Court, Hialeah, FL, which forms the basis of this lawsuit and plans to return to the property within the next four months in order to avail himself of the goods and services offered to the public at the property.  Plaintiff is domiciled in close proximity to the subject property.  Plaintiff is a current and past patron of WALGREEN stores/pharmacies and enjoys shopping at the property due to its convenience, selection of merchandise, pharmacy and prices.

8.     The Plaintiff has encountered architectural barriers at the subject property, despite two decades having passed since the enactment of the ADA.  Plaintiff wishes to continue his patronage and use of the premises.  Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA.

9.     The barriers to access at Defendants' property have denied or diminished Plaintiff's ability to visit the property and endangered his safety.  The barriers to access, which

are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff.

10. Defendant owns, leases, lease to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants owns, operates, leases or leases to, a retail Walgreens store which is located at 7605 W 33rd Court, Hialeah, FL.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described property but not necessarily limited to the allegations in paragraph 13 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the shops and businesses located at 7605 W 33rd Court, Hialeah, FL, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or

less).  A preliminary inspection of the store/pharmacy located at 7605 W 33rd Court, Hialeah, FL, has shown that violations exist.  These violations include, but are not limited to:

### Parking

A. There is a passenger unloading area provided for public use without designating an area for disabled use in violation of Section 4.6.6 of the ADAAG.

B. Some of the disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG.  Such violations complicated entry and exit to his vehicle, obstructed the use of the facility, and required him to ask for assistance.

C. Some of the disable use spaces have an uneven surface in violation of Section 4.6.3 of the ADAAG. Such violations complicated entry and exit to his vehicle, obstructed the use of the facility, and required him to ask for assistance.

D. Insufficient "van accessible" spaces, violating Sections 4.1.2 (5)(b) of the ADAAG.

### Entrance Access and Path of Travel

E. There are ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.8.2 and 4.8.6 of the ADAAG.  Such violations obstructed Plaintiff's use of the facility, prolonged his stay on the property and required him to ask for assistance.

F. Outside ramps do not have proper drainage, allowing for water to accumulate in violation of ADAAG Section 4.8.8.

G. There are curb ramps at the facility that contain excessive slopes and side slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG. Such violations obstructed Plaintiff's use of the facility, prolonged his stay on the property and required him to ask for assistance.

H. There are changes in levels of greater than ½ inch, on the accessible route to the public street violating Section 4.3.8 and 4.5.2 of the ADAAG.

I. The maneuvering clearances and sloped entrance at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.6 of the ADAAG.

J. There are rises at the thresholds of entrances at the facility in excess of ½ inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG. Such violations obstructed Plaintiff's use of the facility, prolonged his stay on the property and required him to ask for assistance.

K. The clear width and/or maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG.

L. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG.

M. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG.

N. There are curb ramps in the facility that are not stable, firm and slip-resistant in violation of Section 4.7.4 and 4.5.1 of the ADAAG.

O. There are curb ramps in the facility that do not have flush transitions to the roadway in violation of Section 4.7.2 of the ADAAG.

<u>Access to Goods and Services</u>

P. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG.

Q. There are interior doors of the building that exceed the maximum force of 5lb to open in violation of Section 4.13.11 of the ADAAG.

R. There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG.

S. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

T. There is insufficient clear floor space to access goods or services at the facility, in violation of several Section of the ADAAG.

U. There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG.

V. The public accommodations have not maintained an operable working condition of the features and equipment to be readily accessible and usable as per section 36.211 of the ADAAG.

W. The water fountain(s) in the facility do not meet the prescribed height and/or knee clearance requirements for use by disabled patrons in violation of Section 4.15 of the ADAAG.

14. The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, has been denied access to, and has been denied the benefits of, services, programs and activities of the Defendant's buildings and their facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

15. Defendant has discriminated against Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies,

practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

18.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer

employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter Defendant's store/pharmacy located at 7605 W 33rd Court, Hialeah, FL, its interiors and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, the Plaintiff, JAN BENSON SEGAL, respectfully requests that this Honorable Court issue (i.) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii.) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii.) An award of attorneys fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv.) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

DATED: November 23, 2011.

| | | | |
|---|---|---|---|
| Respectfully submitted, | | Respectfully submitted, | |
| By: | /s/ W. Glenn Dill<br>WILLIAM GLENN DILL, ESQ.<br>Florida Bar No.: 174815<br>DILL & REINFELD, PLLC<br>Attorneys for Plaintiff<br>Wells Fargo Financial Center<br>1909 Tyler Street, Fourth Floor<br>Hollywood, FL 33020<br>Telephone: (305) 632-4212<br>Facsimile: (954) 628-5054<br>E-Mail: dillwg@aol.com | By: | /s/ Daniel B. Reinfeld<br>DANIEL B. REINFELD, ESQ.<br>Florida Bar No.: 174815<br>DILL & REINFELD, PLLC<br>Attorneys for Plaintiff<br>Wells Fargo Financial Center<br>1909 Tyler Street, Fourth Floor<br>Hollywood, FL 33020<br>Telephone: (954) 558-8139<br>Facsimile: (954) 628-5054<br>E-Mail: dan@reinfeldlaw.com |